UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ZEROCLICK, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No.  6:20-cv-421<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

**AGAINST DELL TECHNOLOGIES, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Zeroclick, LLC ("Plaintiff" or "Zeroclick") makes the following allegations against Defendant Dell Technologies, Inc. ("Defendant"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of the following United States patent owned by Zeroclick: United States Patent No. 7,818,691 ("'691 Patent" or "Asserted Patent").

2. Plaintiff is the owner and assignee of a portfolio of patents containing the inventions of Dr. Nes Irvine, a medical doctor who possessed the prescient vision to develop touch-only user interface technologies that would enable significant benefits to his medical work and any field where users interacted with graphical user interfaces ("GUIs"). Dr. Irvine filed applications that eventually became his "Zeroclick" U.S. Patents in the year 2000.

## PARTIES

3. Plaintiff Zeroclick, LLC is a Texas limited liability company, having a business address at 3610-2 N Josey Lane #223, Carrollton, TX 75007.

4. On information and belief, Defendant Dell Technologies, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

7. Venue is proper in this District under 28 U.S.C. § 1400(b). Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the asserted patents. Defendant has a regular and established place of business in the District, including its headquarters at One Dell Way, Round Rock, Texas 78682.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,818,691

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. Plaintiff is the owner and assignee of United States Patent No. 7,818,691, ("the '691 patent") titled "Zeroclick." The '691 patent was duly and legally issued by the United States Patent and Trademark Office on October 19, 2010. Plaintiff is the owner and assignee, possessing all substantial rights, to the '691 patent. A true and correct copy of the '691 Patent is attached as Exhibit 1.

10. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain touch screen computer products ("Accused Products"), such as the Dell Latitude 7389, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '691 Patent.

11. Defendant also knowingly and intentionally induces infringement of one or more claims of the '691 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendant has had knowledge of the '691 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '691 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '691 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '691 Patent, thereby specifically intending for and inducing its customers to infringe the '691 Patent through the customers' normal

and customary use of the Accused Products.

12. The Accused Products satisfy all claim limitations of one or more claims of the '691 Patent. A claim chart comparing independent claim 2 of the '691 Patent to a representative Accused Product, the Dell Latitude 7389, is attached as Exhibit 2.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '691 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendant's infringement of the '691 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

15. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '691 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '691 Patent;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the '691 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '691

Patent; and

  d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

  e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

  f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


Dated: May 26, 2020         Respectfully submitted,

                     */s/ Brian D. Ledahl*

                     Marc A. Fenster, CA SBN 181067
                     mfenster@raklaw.com
                     Brian D. Ledahl, CA SBN 186579
                     bledahl@raklaw.com
                     RUSS AUGUST & KABAT
                     12424 Wilshire Blvd. 12th Floor
                     Los Angeles, CA 90025
                     Phone: (310) 826-7474

                     ***Attorneys for Plaintiff Zeroclick, LLC***